IN THE:
UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

✱ This is the First (1st) Petition for a Writ of
Mandamus. A Civil Action.

In re:
PETITIONERS;
Devon Denzel Letourneau, executor, for:
DEVON DENZEL LETOURNEAU, ESTATE. EIN 83-6321769.
(and)
Charles Emanuel Porter Pona, executor, for:
CHARLES EMANUEL PORTER PONA, ESTATE. EIN 83-6321826.
[Similarly Situated]

| DEVON DENZEL LETOURNEAU, ESTATE. | CHARLES EMANUEL PORTER PONA, ESTATE. |
|---|---|
| Executor Office. | Executor Office. |
| Nation Rhode Island. | Nation Rhode Island. |
| General Post-Office. | General Post-Office. |
| Corliss street-Two-Four. | Corliss street-Two-Four. |
| Providence. | Providence. |
| United States Minor, Outlying Islands. | United States Minor, Outlying Islands. |
| Near. [02904-9998] | Near. [02904-9998] |

# UNITED STATE DISTRICT COURT
## FOR THE
## DISTRICT OF RHODE ISLAND

In re: Devon Denzel Letourneau,       Civil Action no.:
in the Capacity of Executor
for, DEVON DENZEL LETOURNEAU, ESTATE.
(and) In re: Charles Emanuel Porter Pona,
in the Capacity of Executor
for, CHARLES EMANUEL PORTER PONA, ESTATE.
PETITIONERS., [Similarly Situated].

-v-

The STATE OF RHODE ISLAND,
GINA M. RAIMONDO, GOVERNOR OF RHODE ISLAND,
PETER F. NERONHA, ATTORNEY GENERAL OF RHODE ISLAND,
MARISA P. BROWN, STATE COURT ADMINISTRATOR,
RHODE ISLAND DEPARTMENT OF CORRECTIONS,
PATRICIA COYNE-FAGUE, PRISON DIRECTOR (RIDOC).
RESPONDENTS., and or Defendants., — (Trustees).
(and)[their Successors.]

## Petition For a Writ
## of Mandamus

## (A) JURISDICTION & VENUE

This court has jurisdiction to grant a Writ of mandamus. 28 U.S.C. §1651. The All Writs Act gave the "Supreme Court and all courts established by Act of Congress" the authority to issue writs of mandamus "in aid of their respective jurisdictions and agreeable to the usages and principles of law." U.S. Const. art 1 § 4. Further, 28 U.S. Code § 1361 gave federal district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Plaintiff." Article 3 Section 2 of the U.S. Const. is invoked. The Venue is proper before this United States District Court for the district of Rhode Island pursuant to 28 U.S.C. § 1391 (b) 1 & 2, and (c) 1 & 2.

## (B) PARTIES

Petitioner, Devon Denzel Letourneau, is the executor for DEVON DENZEL LETOURNEAU, ESTATE. EIN 83-6321769 (Decedent estate). Petitioner, Devon Denzel Letourneau has been unlawfully detained for 10 years approaching this August 5th, 2020, at the Rhode Island Department of Corrections. Petitioner, Devon Denzel Letourneau is most certainly "in full-life" as a living, breathing, human-sentient being of flesh, blood and bone, a natural person not to be mistaken or otherwise presumed dead, incompetent, or ficticious. Petitioner is the Occupant of executor office.

Petitioner, Charles Emanuel Porter Pona, is the executor for CHARLES EMANUEL PORTER PONA, ESTATE. EIN 83-6321826 (Decedent estate). Petitioner, Charles Emanuel Porter Pona has been unlawfully detained for over 21 years at the Rhode Island Department of Corrections. Petitioner, Charles Emanuel Porter Pona is most certainly "in-full-life" as a living, breathing, human-sentient being of flesh, blood, and bone, a natural person not to be mistaken or otherwise presumed dead, incompetent, or ficticious. Petitioner is the occupant of executor office.

*sued in its official capacity;*

Defendant, THE STATE OF RHODE ISLAND, is a legal ficticious government defacto that may only govern legal persons of an artificial and corporate fiction status. This includes, but is not limited to the 14th Amendment U.S. Citizen.

*sued in her individual and official capacity;*

Defendant, GINA M. RAIMONDO, is the occupant of the office of Governor for THE STATE OF RHODE ISLAND. This Defendant is the Cheif executive with respect to "THE STATE" who is responsible for numerous management and Administrative acts concerning estate property however situated within the territorial jurisdiction of The State of Rhode Island. This estate property includes the actual "people", their very own persons, and the "NAME ENTITY" in all capital letters on their birth certificates. This Defendant acknowledges this order of business.

3 of 21

Sued in his individual and official capacity;

Defendant, PETER F. NERONHA, is the occupant of the office of Attorney general for THE STATE OF RHODE ISLAND. This Defendant is responsible for the prosecution of all felony criminal cases and misdemeanor appeals and cases. This Defendant is the Cheif legal Officer of the STATE, responsible for representing all agencies, departments, and commissions in litigation. This Defendant is responsible for creating debt in the "NAME" of "the ESTATE" by way of charging a statutory violation at an indictment process. When successful this Defendant brings this constructive trust (case) to the Superior court so that the order of business be carried into effect. This Defendant Knows that not only is the so-called "Criminal Defendant" potentially facing a "trial" not Knowing that he has become, estate held in constructive trust, but further that, this is fraud concealed, in that it is not evidence disclosed in discovery. Again, This Defendant acknowledges this order of business.

Sued in her individual and official capacity;

Defendant, MARISA P. BROWN, is the occupant of the office of State Court Administrator for the Providence county Superior court. This Defendant is responsible for the financial matters on the private side of the court. This includes, but is not limited to commercial trading of the securities that are issued regarding the "estate" of the case. This Defendant acknowledges that "felonious Criminal Convicted statutory persons" take upon the roll of estate property Administrated by executor de son tort without Delegated Authority. This is the order of business.

4 of 21

Sued in her individual and official capacity;

Defendant, PATRICIA COYNE-FAGUE, is the occupant of the office of director for the RHODE ISLAND DEPARTMENT OF CORRECTIONS. This Defendant is responsible for detaining persons who have been alleged to have violated statutory color-of-law, criminal felony and misdemeanor, those person awaiting bail, trial, sentencing, transfer and release in whatever form. This Defendant is responsible for the custody, control, and well-being of all prisoners detained.

Sued in it's official capacity;

Defendant, THE RHODE ISLAND DEPARTMENT OF CORRECTIONS, is a complex consisting of multiple prisons and jails for both men and women. This institutions' purpose is to provide closed confined from public society, to house accused and convicted persons until their "debt to society" is "payed".

### FEDERAL QUESTION

Is the physical, flesh, blood, and bone, breathing body, in full-life, as a natural person, of the Petitioner, who is the executor, his own personal property — estate. ? "RanX"?

Does the executor office possess the authority to issue executor letters of administration?

The legal savvy in accomplishing fraud to such a degree as converting people to property for gain, is this not what America saw in **Slavery**?

5 of 21

# ANSWER TO :
## FEDERAL QUESTION

When used in connection with probate proceedings, term (estate) encompasses totality of assets and liabilities of decedent, including all manner of property, real and personal, choate or inchoate, corporeal or incorporeal.....

In it's broadest sense, the social, civic, or political condition or standing of a person;
(BLACK's LAW DICTIONARY, Abridged 6th ED.)

In equity it's well known that a mans' person is his own personal property, his interest in estate. Furthermore, most men do not know or understand the aspect of the decedent estate entity described on each mans' "Birth Certificate", this is given him at birth, the "title to the body" whom the STATE entity registers as its own. FACT. lastly, the executors' authority is provided herein.

**Slavery** has changed its face, "chattel" remains to be sold to the highest bidder, and the brutality of the plantation now occurs behind prison walls. The Slave Masters are no different then their ancestors in that they gain from the ignorant "so-called ~~black~~ Savages."

## (C.)   ARTICLE 1 SECTION 10 UNITED STATES
## CONSTITUTION

No State shall pass any ex post facto law, or law impairing the obligation of contracts.

(1) Petitioners' assert, that the defendants, through their collective silence, not only acquiesce to the executors' authority and letters of Administration for the estates', and thus bind themselves to obligations binding therein, but are simultaneously impairing the executors' obligations due to the estates', as the defendants have failed to perform., in violation of Article 1 Section 10 of the United States Constitution.

## (D.)   THE AUTHORITY OF THE EXECUTOR
## OFFICE

(2) Petitioners', are the executors', with respect to the decedent estates' that they are lawfully authorized to Administrate. It is a fact that on 8-24-2018 the Federal Government for the United States has recognized and acknowledged through it's private sector channel within the I.R.S., that Petitioner, Devon Denzel Letourneau, SSN # 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, D.O.B. 12-26-1991, is the executor for DEVON DENZEL LETOURNEAU, ESTATE. and Petitioner, Charles Emanuel Porter Pona, SSN # 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, D.O.B. 12-28-1980, is the executor for CHARLES EMANUEL

PORTER PONA, ESTATE. (see exhibits (A)&(B)).

(3) The IRS (Internal Revenue Service) is the Government entity that has confirmed the identities of the executors', who are the Petitioners; they have also confirmed the "death" of the decedents' of the estates', and have provided both employer identification numbers for the estates' of which each of the Petitioners' are authorized to Administrate., these being as follows: DEVON DENZEL LETOURNEAU, ESTATE. EIN83-6321769 — CHARLES EMANUEL PORTER PONA, ESTATE. EIN83-6321826 —

(4) The United States, via the IRS, does acknowledge and recognize that both, DEVON DENZEL LETOURNEAU, ESTATE. and CHARLES EMANUEL PORTER PONA, ESTATE. have acquired foreign Nation State Domain by way of the Petitioners', who are the executors' for the estates', being designated a unique postal location which alows the executors' office (the Petitioners'), to execute executor "letters of administration" regarding the estates, from the non-domestic, private, post master position of the General Post Office contained within the zip+4 code [02904-9998]., while at the same time being situated not only "on the actual land" on Providence, Rhode Island where the General Post Offices' land is on 24 Corliss street, but out on the United States Minor, Outlying Islands. (Baker Island). (see exhibit (C)).

(5) This court is aware that the United States Postal Service is an independent agency of the executive branch of government; and so too should the STATE OF RHODE ISLAND, (collectively defendants), be aware of, and respect the special U.S. Sovereignty that the Petitioners' executor capacity is empowered with.

(6) Petitioners', who are the occupants of the executor office(s), Postal location is as follows:

DEVON DENZEL LETOURNEAU, ESTATE.

Executor Office.

Nation Rhode Island.

General Post Office.

Corliss street-Two-Four.

Providence.

United States Minor, Outlying Islands.

Near. [02904-9998]

CHARLES EMANUEL PORTER PONA, ESTATE.

Executor Office.

Nation Rhode Island.

General Post Office.

Corliss street-Two-Four.

Providence.

United States Minor, Outlying Islands.

Near. [02904-9998]

9 of 21

## (E.) EXECUTOR LETTERS OF ADMINISTRATION

(7) Petitioners' assert that the executor letters of administration which are being presented herein, represent the highest interest regarding the estate(s), in it's authoritative expression and form of a mandate commenced and executed from the "court of the sovereign", being the executor office(s), for the estate(s), located on US MOI (Baker Island) foreign territory with special U.S. Sovereignty., Court meaning — "the person and suit of the sovereign, the place where the sovereign sojourns with his regal retinue, wherever that may be." Black's Law Dictionary 5th ed. Page 318.

(8) The executor letters of administration exhibited and presented herein are binding obligations imposed upon all Defendants, with the acception of Patricia Coyne-Fague, and the RIDOC. (see exhibits (D) & (E)).

(9) These executor letters of administration are certified documents issued via usps certified mail, and have been, through ratification, accepted as an act done., the performance of that which is the subject-matter of this Petition for issuance of a Writ of Mandamus.

(10) It should be understood that the service labels detached from certified mail receipt (PS Form 3800), which are affixed to each executor letter issued to the respective defendants who have accepted said letters, not only certify the documents, but also attaches the Post Masters' bond. This act provides the full force of the foreign power possessed by the United States Postal Service as an independent agency of the executive branch of government, through the executor letters of administration executed by the executors; who are authorized the functions of Private Post Master position at the General Post Office when using — 9998 as the "zip+4 extention" enclosed within brackets, thus removing any and all indications of U.S. citizenry.

## (F.)   THE COLLAPSE OF PRESUMPTION

(11) Petitioners' assert, that when the executor, who lawfully possesses the "Delegation of Authority" to administrate a decedent estate, (foreign estate), and so commences the execution of executor letters of administration from a foreign location of such office, demanding that property of the estate be returned by those shown to be responsible as executor de son tort to have administrated the estate without Delegation of Authority, must perform the obligations imposed by such letters, thus collapsing all presumptions under "color-of-law" that has charged,

rendered, judgment upon, or created any other debt attributed to the estate, as all such <u>fraudulent acts</u> become void.

(G.)   NOTICE, ACQUIESCENCE, ESTOPPEL and THEIR EFFECTS

(12) Petitioners' assert, that defendants', GINA M. RAIMONDO, PETER F. NERONHA, MARISA F. BROWN, AND THE STATE OF RHODE ISLAND, have been give <u>**constructive notice**</u> with regard to the executors' interest in the return of the estates' together with damages owed.

(13) Authorized agents of the defendants have recieved, via certified mail, executor letters of Administration concerning the unauthorized administration of the estates', demands to return the property of the estates', demands of certified copies of all bonds and agreements regarding the estates', demands for their bar bonds and oaths for their office(s), and demands for total trespass damages of 3.5 million dollars per day as of the dates each executor letter of Administration was <u>recieved</u> and <u>accepted</u>, until all damages suffered from fraudulent acts against the estates. (see exhibits (F), (G) & (D), (E) ).

(14) Petitioners' assert, that defendants, GINA M. RAIMONDO, PETER F. NERONHA, and MARISA P. BROWN, after being given notice, have elected to remain silent, thus acquiescing to the facts which resulted in the binding effect of the obligations so imposed by the executor letters of administration, the governing body of law applicable in this matter of law and fact.

(15) Petitioners' assert, that under the doctrine of equity, the term **estoppel**; and when fully considered will be found to rest upon three maxims: 1. "when one of two persons must suffer a loss, it must be borne by the persons **conduct** who caused it"; 2. "No one can take advantage of his own wrong"; and 3. "He is not to be heard who alleges what is contrary to his former statements". It is also a principle of equity that "every person is bound to make good those intentional representations whereby he induces another to act." The word "**conduct**" (as underlined above) when used in reference to the person estopped means conduct in its broadest sense, and includes words and **silence**, positive acts and negative omissions. Therefore, as Petitioners' assert, that the defendants, being estopped, shall be in no position to offer any dispute or contest whatsoever, after having elected to maintain silence. The defendants' must perform in accordance with the obligations imposed by the Petitioners' executor letters of Administration, as a ministerial duty has been created therefrom.

## (H.)   NO OTHER ADEQUATE REMEDY AT LAW

(16) Petitioners' assert, that this is an **Article 1 Section 10** <u>U.S. Constitutional</u> matter of "<u>obligation of contract</u>," (private contract), executed faithfully under the executors' office(s) **special U.S. sovereignty.** This **Article 3** Constitutional Court (U.S. District court for the district of Rhode Island), is the proper court which possesses, <u>and</u> or may obtain jurisdiction over such unique and extraordinary subject-matters, as this court too is of U.S. sovereignty. Furthermore, **Article 6 Section 1** of the <u>U.S. Const.</u> states that ...."<u>This Constitution, and the Laws of the United States which shall be made in pursuance thereof; and all treaties made, under the authority of the United States,</u> **shall be** the supreme law of the land;" Therefore, the executors' "estate status" must first be recognized under <u>Federal</u> Constitutional **Law,** and acknowledged, validated, and granted protection under the supremacy clause, as Petitioners' executor letters of Administration <u>are</u> / is the contract law executed under U.S. Sovereignty made in pursuance to the U.S. Constitution.

## (I.) THE ESTATE & TRUST LAW

(17)   With respect to the "estates", as in regard to the Administration of said decedent estates, all matters involving breach in trust for failure in not performing in accordance with imposed obligations will be tried in a cause of action under Trust Law. The good-faith standards of trust operation impose contractual duties and obligations and thus fall consistently within the all-encompassing scope of Article 1 Section 10 of the United States Constitution. Thus, each defendant official did breach their duties in trust, especially once the defendants became aware of, and accepted trusteeship.

## (J.)  MIND AND BODY IN RELATION TO LAW

(18)   Petitioners' assert, that an intelligent man in full consciousness takes interest in his mind each and every moment he is thinking, positively or negatively. In fact, an unconscious man is unaware of his thoughts in mind, thus having no interest as he remains fully unconscious. Yet, a man can be alive and utilizing his physical senses and locomotion and still be unconscious of the causes of his actions and their effects. At law this man is refered to as an "incompetent," (criminally speaking).

(19) Petitioners' assert, that the mind itself, being a property of intellect, has the ability to produce intellectual property. This fact, among others, is what arms our legal system with the knowledge to know, experience, and interact with the "mind" as a distinct entity together but seperate from the "body" it occupies.

(20) The mind ▪ can only make sound, logical, and intelligent decisions if it possesses knowledge and understand of the causes, effects, and consequences of actions it compells, based and founded upon civilized ideas of high moral principles. Unconscionable acts are those of an incompetent.

(21) The defendants' have taken advantage of their own wrong by way of fraudulently perpetrating government function in good faith with "justice for all". The defendants, unlike their ancestors and their institutions of old are not as openly diabolical but have learned very well to disguise their hatred and ▪▪▪▪▪ deceit behind fraud like *Mercury* did even to the "gods". These defendants' are truely masters over chattel slaves legally. Each defendant has played their roll in the unlawful detention, kidnap, and outright enslavement of the petitioners' mind and body while extinguishing so-called "rights" and exercising an abstract and deceptive statutory implied consent jurisdiction designed to create a 3rd party strawman to charge a debt to, while simultaneasly seizing the Petitioners' body as "unclaimed property."

16 of 21

## (K.)   LIABILITY OF THE DEFENDANTS

(22)  Petitioners' assert, that since the defendants', THE STATE OF RHODE ISLAND, GINA M. RAIMONDO, PETER F. NERONHA, & MARISA P. BROWN, have acquiesced to the executor letters of Administration regarding Petitioners' official capacity, status and authority, it stands that these defendants are also responsible and liable for the actions of their co-conspirators in the perpetration of their collective fraudulent order of business.

(23)  Defendants', PATRICIA COYNE-FAGUE, and THE RHODE ISLAND DEPARTMENT OF CORRECTIONS, considering the legal credentials in law that Patricia Coyne-Fague has attained should know and understand the order of business carried on by the above mentioned defendants.

## (L) WHAT THE PETITIONERS' DEMAND

(24) Petitioners' demand of this United States District Court for the district of Rhode Island, in particular the court and the judicial official presiding therein, to enforce U.S. sovereignty on behalf of the executor office(s) of the Petitioners', by way of compelling the defendants' to perform their duties and obligations owed the executor office(s) with respect to the estate(s)., by * ordering U.S. Marshalls to seize the estate(s) from defendants' possession to be returned to the executors' office(s). Returning the estates' include the release from detention and the return of both executors' personal, physical, living, breathing, flesh, blood and bone natural body which is property of the Petitioners' estates'. Demands also include the bonds, securities, indemnifications, contractual agreements, CRIS and CUSIP accounting numbers, and oaths for the offices' of all defendants'. Furthermore, each Petitioner; Devon Denzel Letourneau, and Charles Emanuel Porter Pona, demand 3.5 Million dollars in compensatory damages for impairing their obligation of contract in Administration the estates' in question, and further demands of trespass damages of 3.5 million dollars per day beginning the 4th day after executor letters were recieved and accepted in acquiescence, until the covid-19 pandemic became our National threat around or about February 29th, 2020, "Considerably so".

(25)   Regarding defendant, PETER. F. NERONHA, this defendant received an executor letter from Petitioner, Devon Denzel Letourneau, on February 3rd, 2020. The 3.5 million dollars ▉▉ in trespass damages per day began on February 7th, 2020, and "ended" February 29th, 2020. Total damages for trespass amount to 91 million dollars that shall be payed to Petitioner. (see exhibit (F) ) & (D) )

(26)   Regarding defendant, MARISA P. BROWN, this defendant received an executor letter from Petitioner, Devon Denzel Letourneau, on February 1st, 2020. The 3.5 million dollars in trespass damages per day began on February 5th, 2020. Total damages for trespass amount to 98 million dollars that shall be payed to Petitioner. (see exhibit (F) )& (D) )

(27)   Regarding defendant, GINA M. RAIMONDO, this defendant received an executor letter from Petitioner, Devon Denzel Letourneau, presumably within the first 7 days of February, 2020. The USPS (PS Form 3811) return receipt was not returned to Petitioner at General Post-Office; however, certified mail receipt shows that certified mail left General Post-Office on January 30th, 2020. Only executor letters and other documents regarding estate ▉ Administration may be dispatched from the executors' General Post-Office. Therefore, Petitioner will demand 3.5 million dollars per day from February 7th, 2020 to February 29th, 2020. Total damages for trespass amount to

91 million dollars that shall be payed to Petitioner. (see exhibit (F) and (D)) and also (exhibit (G)) for a comparison in relation to Petitioner, Charles Emanuel Porter Pona, and his certified mail receipt and return receipt, particularly for defendant, GINA M. RAIMONDO.

(28)   Defendants' shall be Ordered to make DEVON DENZEL LETOURNEAU, ESTATE. whole. Defendants' have access to trust funds set aside for the purpose of making the estate whole, established under the STATE's "reciprocation agreement," also any other damages the court deems just. *Jury Trial is Demanded*, to extent possible.

(29)   Regarding defendant, PETER F. NERONHA, this defendant received an executor letter from Petitioner, Charles Emanuel Porter Pona, on February 3rd, 2020. The 3.5 million dollars in trespass damages per day began on February 7th, 2020 and "ended" February 29th, 2020. Total damages for trespass amount to 91 million dollars that shall be payed to Petitioner. (see exhibit (G) & (E)).

(30)   Regarding defendant, MARISA P. BROWN, this defendant received an executor letter from Petitioner, Charles Emanuel Porter Pona, on February 3rd, 2020. The 3.5 million dollars in trespass damages per day began on February 7th, 2020 and "ended" on February 29th, 2020. Total damages for trespass amount to 91 million dollars that shall be payed to Petitioner. (see exhibit (G) & (E)).

(31)   Regarding defendant, GINA M. RAIMONDO, this defendant received an executor letter from Petitioner, Charles Emanuel Porter Pona, on February 3rd, 2020. The 3.5 million dollars in trespass damages per day began on February 7th, 2020, and "ended" on February 29th, 2020. Total damages for trespass amount to 91 million dollars that shall be payed to Petitioner. (see exhibits (G) & (E)).

(32)   Defendants' shall be Ordered to make CHARLES EMANUEL PORTER PONA, ESTATE. whole. Defendants' have access to trust funds set aside for the purpose of making the estate whole, established under the STATE's "reciprocation agreement," also any other damages the court deems just.   Jury Trial is Demanded, to extent possible.

Affidavit;

(33)   We the Petitioners' assert under penalty of perjury that all matters asserted as fact are true and correct. Any assertions made in the nature of belief is believed to be just, in accordance with information accumulated by their respective office(s). We the Petitioners' sign.,                    Drafted:

By: Devon Wenzel Letourneau
(Petitioner)

Executed on:

6-12-2020                    Agreed -and- Acknowledged

At:                          By: Charles Emanuel Porter Pona

Maximum Security Prison                    (Petitioner)

RIDOC- Cranston

Unlawfully detained against will.

21 of 21