RECEIVED
NOV 18 2020
U.S. DISTRICT COURT
DISTRICT OF R.I.

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

Charles Emanuel Porter Pona, executor., )  Case no.:
Petitioner. et al., ) 20-283
 ) IN RELATION
v. ) TO: 20-269
THE STATE OF RHODE ISLAND, et al., )
Defendant / Respondent. )

## RULE 12(f) OBJECTION AND MOTION TO STRIKE

Now comes the above name Petitioner herein and hereby raising "Objection" and motioning the court to strike the Respondents "Motion to Dismiss" in accordance, and consistent with Rules 12(f), 9(b), and 17(a);(1)(A)., F.R.C.P.

## RULE 9(b) - FRAUD or MISTAKE; CONDITIONS OF MIND.

1. In alleging fraud, a party must state with particularity the circumstances constituting fraud. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

2. In the caption portion of the Respondents motion to Dismiss a false and misleading representation is made with regard to the "Juristic Person" attempting to take the place

1/7

of the real party in interest, who is the executor, whose "true and proper name" is Charles Emanuel Porter Pona, not CHARLES EMANUEL PORTER PONA. Rule 17(a);(1)(A) is clear and specific on such matters.

3. The "Juristic Person"; CHARLES EMANUEL PORTER PONA, whom the Respondent represents as being Petitioner is a fraudulent attempt to wrongfully force the real Petitioner party in interest into the untenable position of having to "fill the shoes" of the Juristic Person, and "misuse" the true and proper name of the executor, who is the Petitioner and real party in interest.

4. "Elements of a cause of action for "fraud" include false representation of a present or past fact made by defendant, action in reliance thereupon the Plaintiff, and damages resulting to Plaintiff from such misrepresentation." Citizens Standard Life Ins. Co. v. Gilley, Tex. Civ. App., 521 S.W. 2d 354, 356.

5. Respondents "Know" that the original Petition for Writ of mandamus was properly commenced by Petitioner in his proper capacity as executor and in his true and proper name, Charles Emanuel Porter Pona, not CHARLES EMANUEL PORTER PONA.

## UNITED STATES CODE TITLE 18
## SECTION. 1342

6. The above cited code penalizes the use of ficticious addresses and <u>names</u> by means of the Postal Service mail matters. In order for the attorney for the STATE to send Petitioner mail at the Maximum Security Prison, he must address Petitioners natural person by true and proper name, as was the case with the STATE's "Motion to Dismiss."

## JURISTIC PERSON

7. "**observation**": A person has a property right in the use of his or her name which a person may transfer or assign." Gracey v. Maddin, 769 S.W. 2nd 497 (Tenn. Ct. App. 1989).

8. "From the earliest times the law has enforced rights and exacted liabilities by utilizing a corporate concept by recognizing that is, <u>juristic persons</u> other than human beings. The theories by which this mode of legal operation has developed, has been justified qualified, and defined are the subject matter of a very sizable library, the historic roots of a particular society, economic pressures, philosophic notions, all have had their share in the law's response to the ways of men in carrying on their

3/7

affairs through what is now the familiar device of the corporation ---- Attribution of legal rights and duties to a juristic person other than man is necessarily a metaphorical process. And none the worse for it. No doubt, 'Metaphors in law are to be narrowly watched.'" Cardozo, J., in Berkley v. Third Avenue R. Co., 244 N.Y. 84, 94.

### REFERENCE TO NATURAL PERSON.
### TRUE AND PROPER NAME.

9. The United States Government Printing Office Style Manual, March 1984 edition, provides comprehensive standard grammar and usage for government publications, including casework. Chapter 3, "Capitalization", at § 3.2, prescribes rules for proper names: "Proper names are capitalized." Examples given are, "Rome, Brussels, John Macadam, Macadam family, Italy, Anglo-Saxon." Chapter 17, "Courtwork", prescribes rules of capitalization prescribed in chapter 3: 17.1. Courtwork differs in style from other work only as set forth in this section; otherwise the style prescribed in the preceding sections will be followed.

10. At § 17.9, the Style Manual specifies, "In the titles of cases the first letter of all principal words are capitalized, but not such terms as defendant and appellee." Examples in § 17.12 are consistent with the § 17.9 specification, all proper names being spelled with capital first letters only, the balance of each spelled with lowercase letters.

11. By reviewing definitions and comments in The Oxford English Dictionary (1971 ed.), which is possibly the most authoritative dictionary of the English language in the world, proper capitalization and usage is made clear. In this dictionary, under the term "christian", the term "christian name" is defined as follows:

"6. Christian name: the name given at christening; the personal name, as distinguished from the family name or surname." All examples given are consistent with standard rules of capitalization, the first letter only capitalized. Likewise, the term "surname" follows this same pattern; all are spelled with capital first letters only, the surname generally being the family or last name. Together, the christian and surnames are the proper name or names of people. Under the term "proper" the Oxford Dictionary prescribes capitalization rules: b. Gram. Applied to a name or noun which is used to designate a particular

5/7

individual object (e.g. a person, a tame animal, a star, planet, country, town, river, house, ship, etc.). Oppose to common a. 17a. A proper name is written with an initial capital letter. The same proper name may be borne by many persons in different counties or localities; but it does not connote any qualities common to and distinctive of the persons or things which it denotes. A proper name may however receive a connotation from the qualities of an individual so named, and be used as a common noun, as a Hercules...

12. Elements of Style by Strunk and White, an authoritative, concise book on English grammar, and the Associated Press Style bible for publishing writters, concur with and endorse capitalization of first letters only for proper names.

## CONCLUSION

13. Petitioner is unable to effectively respond to the Respondents "Motion to Dismiss". The Juristic Person, misrepresented by Respondents as CHARLES EMANUEL PORTER PONA is not the real party in interest as the Petitioner. Petitioner, nor this court will be defrauded into entertaining controversy based upon fraud.

### RELIEF

Petitioner asserts that fraud is the foundation upon which the Respondents Motion to Dismiss stands, and thus, this court must strike Respondents Motion to Dismiss. This court must therefore deny said motion and order respondents to properly respond to the Petitioners complaint with an Answer.

### CERTIFICATION

A handwritten copy of this objection and motion to strike has been mailed to the Office of Attorney General, located at: 150 South Main Street, Providence, RI [02903], on the 6th day of November, 2020.

Respectfully,
/s/ By: Charles Emanuel Porter Pona

Rhode Island Department of Corrections
c/o Charles Emanuel Porter Pona
Maximum Security Prison.
Cranston. Rhode Island.