## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| In re: Devon Denzel Letourneau, in the Capacity of Executor for, DEVON DENZEL LETORNEAU, ESTATE. (and) In re: Charles Emanuel Porter Pona, in the Capacity of Executor for, CHARLES EMANUEL PORTER PONA, ESTATE [Similarly Situated]. ·PETITIONERS, <br><br> v. <br><br> THE STATE OF RHODE ISLAND, GINA M. RAIMONDO, GOVERNOR OF RHODE ISLAND, PETER F. NERONHA, ATTORNEY GENERAL OF RHODE ISLAND, MARISA P. BROWN, STATE COURT ADMINISTRATOR, RHODE ISLAND DEPARTMENT OF CORRECTIONS, PATRICIA COYNE-FAGUE, PRISON DIRECTOR (RIDOC)., ·RESPONDENTS and or Defendants., (Trustees). (and) [their successors]. | C.A. No. 20-269-JJM-LDA and C.A. No. 20-283-JJM-LDA[1] |

## ORDER

Petitioners filed for a Writ of Mandamus against the State of Rhode Island and various State officials.  Among other things, the Petitioners seek hundreds of millions of dollars from the individual State Defendants and asks the Court to "enforce U.S.

---

[1] Petitioners filed the identical Writ of Mandamus in two cases on behalf of both Plaintiffs. When the ECF Nos. are different between the two case filings, the Court will reference them both.

sovereignty of the executive office(s) of the Petitioners" and the "return of both executor's personal, physical, living, breathing, flesh, blood and bone natural body which is property of Petitioners' Estates." ECF No. 1 at 19.

The State of Rhode Island filed a Motion to Dismiss.[2] ECF No. 16/17. The Petitioners responded with Motions to Strike because the State's Motion to Dismiss did not use proper capitalization in its heading. ECF Nos. 17 and 18/18 at 4-6.

The State moves to dismiss on many grounds, any of which would support dismissing this Petition for a Writ of Mandamus. Most simply, this Court lacks jurisdiction to issue a Writ of Mandamus against the State or any of its officials. 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an *officer or employee of the United States* or any agency thereof to perform a duty owed to the plaintiff.") (emphasis added). Because the Petitioners seek a mandamus against State officials, this matter must be dismissed because the Court lacks subject matter jurisdiction.[3]

The Court GRANTS the Defendants' Motion to Dismiss. ECF No. 16 (20-cv-269) and ECF No. 17 (20-cv-283) and DENIES Petitioner's Motion to Strike. ECF No. 17, 18 (20-cv-269) and ECF No. 18 (20-cv-283). This matter is now closed.

---

[2] Although only the Defendant State of Rhode Island appears to have filed the Motion to Dismiss, the Court assumes it was filed on behalf of all the individually named state defendants as well. The Court will refer to them collectively as "the State."

[3] Additionally, the Court could dismiss this matter because the Petitioners claim that they are Estates, and Estates are not allowed to be represented *pro se*. LR Gen 205.

IT IS SO ORDERED.

John J. McConnell, Jr.
Chief Judge
United States District Court

December 28, 2020