RECEIVED

JAN 6 2021

U.S. DISTRICT COURT
DISTRICT OF R.I.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Charles Emanuel Porter Pona, in proper person.,
Charles Emanuel Porter Pona, executor.
(Individually & Officially; w/
Special interest in:
CHARLES EMANUEL PORTER PONA, ESTATE.)

Case no.:
[20-cv-00283-JJM-LDA] originally
Filed: 6-26-2020

v.

THE STATE OF RHODE ISLAND,
GINA M. RAIMONDO, governor,
PETER F. NERONHA, attorney general,
PROVIDENCE COUNTY SUPERIOR COURT,
MARISA P. BROWN, state court administrator,
PATRICIA COYNE-FAGUE, RIDOC Director,
(Defendants / Respondents, and their successors.
Individually & Officially.)

Amended Petition For
Mandamus, Mandatory Injunction,
And or, Other Just Relief, in a
Suit To Undo Fraud

Maxim: "Sublato fundamento cadit opus"
(When the foundation is removed the superstructure
will fall)

## Introduction

This Petition represents joint-claims of a nature that is most extraordinary. The sum total of claims presented herein represent **Constructive Fraud** through **Constructive trust** "operation of (statutory) law", from the abstract design that solidified the very foundation of our present system of application of criminal statutory offenses, in Rhode Island in particular.

This Petition serves to undo fraud, which includes all things done to Petitioner as a result. Petitioner seeks justice, as he stands defrauded by the fraudulent conduct of the Defendants.

Only this Article III court can render justice in it's grace upon the Petitioner.

Thank You Kindly.

## Jurisdiction & Venue

Article III Section II of the U.S. Constitution extends to this federal district court jurisdiction by judicial power to entertain and render decisions in accord to principles of common-law and Equity; This "Justice Court" may issue relief for Orders or Writs of Mandamus, Mandate, Mandatory Injunction, personal replevin, and other just and proper relief necessary or appropriate in aid of it's respective jurisdiction and agreeable to the usages and principles of law, and Equity.

42 U.S.C. § 1983, it's jurisdictional counterpart 28 U.S.C. § 1343 (3); 42 U.S.C. § 1985 (2) & (3); 28 U.S.C. § 1391 (b) 1 & 2 and (c) 1 & 2; 28 U.S.C. § 1361 & § 1651 (a); are all "proper to extent in which they apply" as joint claims pursuant to Rule 18 (a) Fed. R. Civ. Proc.

## Parties

Charles Emanuel Porter Pona, in Proper Person, is a natural person, who is living, breathing, flesh, blood and bone, created and born in God image as Allah on planet earth, in full-life, in a Supreme State of being, not at all to be mistaken or otherwise presumed an artificial, legal fiction, juristic person. Charles Emanuel Porter Pona is a member of the tribe of Shabazz, and stands as an Asiatic Blackman, descending from the Moorish,

and is an American Citizen, born on Rhode Island soil on the 28th day of December, 19 and 80 (1980), and is not a corporate citizen. Charles Emanuel Porter Pona is currently unlawfully detained under the custody of the Prison Director of the Rhode Island Department of Corrections.

Charles Emanuel Porter Pona, executor, is executor for CHARLES EMANUEL PORTER PONA, ESTATE., and is the same human being described above.

THE STATE OF RHODE ISLAND, is a de facto government, legal fictitious entity, and "agency of the United States." This legal fictitious entity, (includes, but is not limited to), in its trust capacity, is charged and obligated with the administration of estate property, in which the United States has a ▓▓▓▓▓ proprietary interest by way of the STATE OF RHODE ISLAND's adoption of the Model State Vital Statistics Act.

GINA M. RAIMONDO, governor, is the governor and chief executive officer for THE STATE OF RHODE ISLAND, charged and obligated with the "faithful execution of laws" in accordance with Rhode Island Constitution, Article IX Section II, and bound by oath to uphold State and U.S. Constitution; RI Const. Art. III Sec. III.

PETER F. NERONHA, attorney general, is the attorney general for THE STATE OF RHODE ISLAND, who is charged and obligated to enforce the laws of the STATE in good-faith, and bound by oath to uphold both State and U.S. Constitution; RI Const. Art. III Sec. III.

PROVIDENCE COUNTY SUPERIOR COURT, is the place of business where Petitioner was treated as estate property, as oppose to a natural person human being.

MARISA P. BROWN, State court administrator, is the executive officer and official at the PROVIDENCE COUNTY SUPERIOR COURT, who is charged and obligated to conduct the accounting regarding the estates under her administration. Her oath is at, RI Const. Art. III Sec. IV.

PATRICIA COYNE-FAGUE, RIDOC Director, is the Director of the Rhode Island Department of Corrections, charged with the care, custody, and control of all prisoners under her custody, which include "estates."

Each Defendant is sued in their individual and official capacity.

## Criteria For Undoing Fraud

Petitioner asserts that all frauds grow out of relations, and are those violations of the duties arising from relations, caused by bad faith.

The following criteria must be met to establish fraudulent conduct of the Defendants: (By describing the circumstances [1]);

1st Petitioner must specify the relations between himself and defendants, their nature and origin, whether imposed by kinship, law, or social duty, or arising from contract, express or implied.

2nd Petitioner must state particularly, and in circumstancial detail, in what way the Defendants took advantage of those relations, and wherein the Defendants violated the confidence Petitioner reposed in them, and in what manner they deceived Petitioner, and by what misrepresentation, concealment, or other act or acts of bad faith obtained from him money, property, or a contract, or a release, or discharge, from some contract or obligation, or deceitfully or treacherously engineered Petitioner into a situation wherein he has suffered, or must suffer, loss, and the defendants have obtained, or will obtain, a benefit. (See- suits in Chancery, 2nd ed. By: HENRY R. GIBSON., 1907; page 725 § 934 note 7 and 8, citing: ante, §§ 165-169 & ante, §§ 142, Sub Sec., 3; 838 ) and;

( [1] Goodwin, 8 Yerg., 490, Circuit Judge said: --- "Fraud must be gathered more from the circumstances attending the transaction").

## Fraudulent Conduct of Defendants

Defendants, STATE OF RHODE ISLAND, including it's governor, GINA M. RAIMONDO, has had, and continues to allow fraud to perpetrate upon unsuspecting criminal defendants presumed innocent, (as was Petitioner), Pending a trial or other disposition before its State statutory superior courts in particular. This fraudulent order of operation is the bad faith business practice and transaction carried into effect on both public and private side of the court, directly involving PROVIDENCE COUNTY SUPERIOR COURT, and State court administrator, MARISA P. BROWN, and each officer of the court, including, but not limited to, the State, and its attorney general, PETER F. NERONHA.

Petitioner asserts that his proper and natural person, Charles Emanuel Porter Pona, had been unlawfully converted into CHARLES EMANUEL PORTER PONA, which includes ESTATE, personal property, without the _written_ (DOA) _Delegation Of Authority_ for such purpose of estate administration. Considering that Defendants, PROVIDENCE COUNTY SUPERIOR COURT, MARISA P. BROWN, and PETER F. NERONHA, did engage in this fraudulent conduct at their place of business (COURT), this stands as proof that Defendants, in bad faith, intended to gain an unconscionable advantage over Petitioners Mind and body (Flesh, Blood and Bone).

The way in which the implied consent had been established to allow the "COURT" authorities, which includes Defendant, MARISA P. BROWN, to raise "constructive trust" wherein CHARLES EMANUEL PORTER PONA, ESTATE., was subject—matter, was by "<u>fraud in law</u>". This fraud arises by "<u>operation of law</u>" (statute), from conduct that, if sanctioned, would secure an unconscionable advantage, irrespective of an actual intent to defraud.

the Equity jurisdiction of the "Statutory" superior court, when invoked by State AG's application & criminal complaint regarding the "statutorily charged" CHARLES EMANUEL PORTER PONA, ESTATE., <u>was</u> is the "<u>operation of law</u>" that constituted the very conduct entailing fraud in law, resulting in raising constructive trust; [P1-2000-0869 AG] & [P1-2002-2571 AG].

<u>Fraudulent conveyance</u> occurred when Defendants, PROVIDENCE COUNTY SUPERIOR COURT, MARISA P. BROWN, and PETER F. NERONHA, acted to put CHARLES EMANUEL PORTER PONA, ESTATE., beyond Petitioner's reach when said ESTATE was "placed" in constructive trust by Defendants' actions, wherein Petitioner was converted into "trustee", all the while Petitioner standing in place of a "chattel" brand (18c slave), <u>prior</u> to conviction, with no standing to object, totally unaware of 8th Amendment cruel and unusual punishment being inflicted upon his mind & body, perpetrated through fraud.

Fraudulent conversion occurred when CHARLES EMANUEL PORTER PONA, ESTATE., was fraudulently witheld, applying the same to the use and benefit of the Financial institution (STATE) institutions, other than Petitioner to whom said ESTATE belongs. This fraudulent conversion was perpetrated by Defendants, MARISA P. BROWN, PETER F. NERONHA, and PROVIDENCE COUNTY SUPERIOR COURT, on behalf of themselves, the STATE and governor, and their office.

Fraudulent conversion further occurrs when Defendant, PATRICIA COYNE-FAGUE, on behalf of herself, her office, and the RIDOC, recieved CHARLES EMANUEL PORTER PONA, ESTATE., into prison inventory for not only her use and benefit, as her salary pertains to her livelihood, but also on behalf of the RIDOC and it's interests, such as the "Federal Funds" the RIDOC receives for the ESTATE's "Fiscal health".

It must be understood that the STATE's adoption of the "Model State Vital Statistics Act" placed not only a propriet-ary interest in the United States, but in the STATE also, as all Certificates of birth ■ in the State are deemed property of the office of Vital Statistics. It is Petitioner's birth certificate that is the original legal document describing CHARLES EMANUEL PORTER PONA, as ESTATE property. (see: Model State Vital Statistics Act. Section 5(a)(7)).

Petitioner further asserts that the nature of CHARLES EMANUEL PORTER PDNA, ESTATE., in a criminal statutory capacity, is that of a "Strawman" legal fiction, whose purpose is to be statutorily charged to create debt, dischargeable to, and by, the STATE, for it's benefit. Otherwise, is a R.I.G.L. Title 11 Statutory "Person".

## Fraudulent Source of Petitioners Unlawful Detention

R.I.G.L. Title 11 "colorable" codifications of statutory criminal offenses, as they relate to the principal subject-matter which is the "juristic person" to whom the statutes apply, is the STATE Legislatures creation of artificial office applicable to artificial persons, not natural persons, such as Petitioner, accept through an implied contract presumed.

The enforcement of these colorable statutory instruments by the STATE AG, applying to the State superior court jurisdiction and venue when enforcement process is successful, and the court's assuming of jurisdiction, is the establishment of a constructive trust that has arisen by "operation of law" (statute) wherein the juristic person is the subject-matter, within a colorable consent jurisdiction established by way of the criminal defendants (as was Petitioner) unconscionable agreement, induced through Constructive Fraud.

## Relations Between Petitioner & Defendants

As it relates to Defendants, STATE OF RHODE ISLAND, and GINA M. RAIMONDO; Petitioner shared what was implied to be a relationship of trust and good-faith, established and imposed through implied consent of contract as it related to state government and how it respected the people in its fair dealings with society at large, including all prisoners presumed innocent until proven guilty in a court of law, which included the "faithful execution of state laws", for those people free or prisoner, as signed into law by the governor, in this instance, Defendant, GINA M. RAIMONDO, on behalf of the STATE. It was never implied that Petitioner, as a criminal defendant presumed innocent would become estate property for purposes of prosecution.

As it relates to Defendant, PETER F. NERONHA, Petitioner shared what was implied to be a relationship of trust and good-faith established and imposed through an implied consent of contract as it related to state government, its dealings with society at large, and all prisoners presumed innocent until proven guilty in a court of law, which include the "faithful enforcement of state laws" for those people free or prisoner, by its attorney general, in this instance, PETER F. NERONHA. It was never implied that Petitioner would become estate property for purposes of prosecution.

As it relates to Defendant, MARISA P. BROWN, and the PROVIDENCE COUNTY SUPERIOR COURT, Petitioner shared what was implied to be a relationship of trust and good-faith established and imposed through an implied consent of contract as it related to the people, free or prisoner, and their due process of law wherein justice is sought for the honorable disposition of proceedings before the court. It was never implied that Petitioner, as a criminal defendant presumed innocent would become estate property for purposes of prosecution.

"Faithful" execution, and "faithful" enforcement of laws, does not contemplate fraud as the basis of contractual obligations, which, by implication, supports "good-faith" standards.

The relationship that continues to exist between Petitioner, and Defendant, PATRICIA COYNE-FAGUE, is one in where Petitioner's natural person is detained as CHARLES EMANUEL PORTER PONA, (all derivates thereof), as ESTATE property being unlawfully administrated by said Defendant.

## No Standing To Object or Plea
### in Abatement

Petitioner's ability to have raised objection and/or plea in abatement under the circumstances created by the abstract constructive trust raised and fastened upon Petitioner's conscience, as was, and is the common practice of the PROVIDENCE COUNTY SUPERIOR COURT's statutory jurisd-iction, was merely made non-existent. This being so, due to an implied consent to the occupation of the office of "trustee" Petitioner was induced to occupy through fraud (constructive fraud) perpetrated by Defendants. Furthermore, when we view Petitioner's living, breathing, flesh, blood and bone body in the context of "personal property" CHARLES EMANUEL PORTER PONA, ESTATE., (trust corpus), "the asset thereof," an estate (of itself) has no interest in management affairs outside of a ~~trust~~ trustee's interest in the estate. Thus, since the trustee capacity warrants no advantage to be gained while under occupancy of the office, Petitioner's ability to raise objection and/or plea in abatement was made non-existent through "constructive fraud."

### The Roll of Court Appointed Attorney

When we view Petitioner's court appointed attorney's, sworn members of the "BAR" (British Accredited Regency), by oath, as "representative" of the estate, in trustee capacity, we undoubtably come to the same conclusion as illustrated in the above section. In fact, considering this view presents an even more deceptive feature in this fraud designed to conceal the true cause of action. Here, Petitioner's living, breathing, flesh, blood and bone body (natural person), as such has no existence before the statutory jurisdiction of the PROVIDENCE COUNTY SUPERIOR COURT, was not a proper party being represented in the cause of action, thus equating Petitioner to the status of a slave., having, knowing, and disabled to the enforcement of any Right, equivalent to a person of "unsound mind," "reinvoking" the 3/5ths human law (in theory). All being in violation of the 8th and 13th Amendment of the U.S. Constitution; as punishment for "crime" only follows conviction, and not to be inflicted during pre-trial proceedings.

In further consideration of the "Roll of Attorney", Petitioner focuses this Honorable Courts attention to the legal term: Attorn - Law: To agree to recognize a new owner of a property or estate and promise payment of rent to him.

and;

<u>Attornment</u>:  In ~~Feud~~ Feudal and Old English Law —
A turning over or transfer by a Lord of the services of
his tenant to the grantee of his seigniory. (Lordship title:
Seignoir, sir) The doctrine of attornment grew out of the
peculiar relations existing between the landlord and his tenant
under the feudal law, and the reasons for the rule never
had any existence in this country, and is inconsistent with
our laws, customs and institutions.
     thus; under criminal statutory jurisdiction;
Attorney's practice attornment; and this is more fraud
and proof of it's perpetration upon the Petitioner.

An "attorney" is a "Solicitor" at Chancery.[1] (see Bouvier's
Law Dictionary., "Attorney"; 1 A. & E. Encyclopedia of
Law, 958-963; and, Ward v. Alsup, 16 Pick., 738).

_____

[1]
PROVIDENCE COUNTY SUPERIOR COURT, is a court of Equity;
applying "statutes" which are instruments used to conduct the
business of the court under the principles of Equity jurisprud-
ence.

## Habeas Corpus Not Proper

Habeas Corpus is a species of action which examines into the "legality" of an imprisonment. Fraud, through constructive trust makes Petitioner's being imprisoned "legal, though not "lawful," and thus Habeas Corpus relief is not proper in this instance of a property claim. The Petitioner is not challenging "legality" of imprisonment, but rather seeks "personal replevin". Petitioner has demonstrated that constructive fraud has concealed the true cause of action that was statutorily in operation as the abstract constructive trust wherein Petitioner was defrauded into fulfilling the multiple rolls, of estate property, and trustee capacity, for Defendants, whose interest was in charging debt to CHARLES EMANUEL PORTER PONA, ESTATE., to be repayed through "discharge" to the STATE OF RHODE ISLAND, while Petitioner's physical, living, breathing, flesh, blood and bone body be detained for the statutory term of life imprisonment, which is more **fraud.**

"Personal replevin" took the place of the old writ de homine replegiando. To replevy a man (Petitioner) out of prison or custody of a private person is the remedy for unlawful detention of a mans own person. Thus, an examination into the "legality" of an imprisonment is a different and distinct course of action. (see Bouvier's Law Dictionary, **"Replevin"** personal replevin. 1880 ed.).

CHARLES EMANUEL PORTER PONA,
ESTATE.

As defined by Black's Law Dic. 4th ed. "Estate";
The word "estate" is a word of the greatest ~~extent~~
extension, and comprehends every species of property, real
and personal. It describes both the corpus and the extent
of interest. ... it signifies every thing of which riches or
fortune may consist.

CHARLES EMANUEL PORTER PONA, ESTATE, is not only to be
understood in the above context, but also in conjunction
with its etymological root, as follows:
    Estate: early 13c., "rank, standing, condition," from
Anglo-Fr. astat, O.Fr. estat "state, position, condition,
health, status, legal estate" (Mod. Fr. état), from L. status
"state or condition," from root of stare "to stand" from PIE
base *sta - ~~____~~ "to stand" (see stet). For initial e-, see
especial. [http://www.etymonline.com/]

CHARLES EMANUEL PORTER PONA, (ESTATE), is data related to
it's certificate of birth (as a "vital record"), also constituting
"vital statistics", in accordance with Section 1 (L) and (n)
& Section 5(a)(7) of the Model State Vital Statistic Act; and
Regulation 14.(c), (security paper), as adopted.

Charles Emanuel Porter Pona,
executor.

Petitioner' draws this Honorable courts attention to the word "executor" as defined by William C. Anderson, A Dictionary of Law (1893);

**Executor**: He to whom another commits by will the execution of his last will and testament.

Charles Emanuel Porter Pona, is "He" who is committed to execute the will on behalf of CHARLES EMANUEL PORTER PONA, ESTATE., as CHARLES EMANUEL PORTER PONA, ESTATE., has no mind of its own. There can be no will without the mind that makes the will, or possesses the will.

Petitioner has, and is enforcing the will of God (Allah) in undoing **Fraud**. Every and anyone has an obligation in good-faith to correct error in undoing fraud when defrauded, and only the individual can do this.

No authority, since August 24th, **2018** has brought action to oust Petitioner from the office he occupies as "executor." Nor has any authority made an attempt to void the contract established between Petitioner, CHARLES EMANUEL PORTER PONA, ESTATE., and the Internal Revenue Service (**IRS**). (See exhibit A attached).

### Executor Letters of Administration

If this Honorable court agrees, and concurs in that Petitioner's occupancy of office of executor for CHARLES EMANUEL PORTER PDNA, ESTATE, is valid in accord to law and equity, then all powers expressed therein must be enforced by _mandamus_, _mandate_, _mandatory Injunction_, _personal replevin_, and or, any other just relief the court deems proper under the circumstances. (See exhibit B attached).

### The Divine Law of Justice
### The Rule of Decision

The statement, often made, that the "Court of Chancery" was established to mitigate the rigor of the common-law, and to supply it's defects, is not wholly true. The Court was established to do justice, _regardless of any and all law_. The King deemed it a duty imposed upon his conscience, both by his oath and by religion, to "_decree justice_", and not by human law bound, but by _Divine Law_; and, when the Chancellor acted in his stead, he based his decisions, not upon the law of the land, but upon honesty, equity and conscience, for so was he commanded to do in exercising the King's ~~~~ prerogative of Grace.
(See: 1 Pom. Equity _Jurisprudence_, §35; 1 Sto. Equity _Jurisprudence_, §21) & (Proverbs, ch 8 v. 15 - _Old Testament_ _Law_).

It is unquestionably true that the harshness of the common-law, its unfitness to cope with **fraud**, its incapacity to do justice in many cases, the defects in its remedies, the opportunities it gave the strong to oppress the weak, and its general inadequacy to meet the requirements of equity, greatly contributed to perpetrate the existence of the Chancery Court, and to enlarge and justify its jurisdiction. Nevertheless, the vital principle from which the Court sprung was the prerogative doctrine that the King was the "Fountain of Justice"; and that, when a citizen could not get justice in the ordinary courts, he might come to this fountain. The King, in administering justice in such cases, deemed himself above all the laws and customs of his realm, and bound only by his conscience and his will. As it was not a matter of right in a citizen to draw on this reserve source of justice, when remedy was given it was deemed "**granted as of grace**". (See: 1 Pom. Equity Jurisprudence., §§ 32-35; 1 Sto. Equity Jurisprudence., § 44.)

Petitioner believes that this Honorable court is the "Fountain of Justice," and can make Petitioner whole, as he has been wronged to a grave degree. This Honorable court has the power to restore Petitioner to his proper place in this world and believes in this Honorable courts power to do justice. (Invoking: Article III Section II, clause I of the United States Constitution).

### Reliefs Granted in Case of Fraud

The Jurisdiction of this Honorable court exercising it's Judicial powers in Equity, in cases of fraud, (Such as instant case), actual or constructive, is co-extensive with the injury done; and the remedy required thereof. In framing and applying these remedies, the power of the court is practically limited only by the requirements of Justice. The most important of these equitable ~~remedies~~ reliefs are conferred:

(1) by rescinding or cancelling the contract, conveyance or judgment fraudulently obtained, and thereby relieving the injured party from its obligations;

(2) by so reforming the deed, contract, or other written agreement, fraudulently framed, as to make it express the real intention of the contracting parties;

(3) by requiring the wrongdoer specifically to perform the obligations resting upon him according to their very spirit, and thus giving the defrauded party the very right of which the other sought to defraud him; and

(4) by compensating the party defrauded when no other remedy is adequate, or practicable.

## No Adequate Remedy Available

The superior court[1] derives it's jurisdiction from statute (Rhode Island General Law) Title 8., which is in respect to its judicial power. Thus, all judicial officers are bound to apply the statute's force in aid of their respective jurisdiction. In this statutory jurisdiction, the natural person, (of the Petitioner), and his constitutional gaurantees have no existence, no ability, and therefore no standing in common-law to base an objection, perfect an appeal, or much less state a claim, as the superior court and supreme court of Rhode Island are inferior for such a course of action. So, it is by way of Article III Section II of the U.S. Const., together with the Supremacy Clause of Article VI thereof, that the true sovereign elect may "come alive" to appear and assert such claims as those presented herein. The State courts are not equipt to serve justice as is this Federal district court.

---

[1] PROVIDENCE COUNTY SUPERIOR COURT, in particular. legislative in its origin. Non-constitutional. See: Gorham v. Robinson, 57 R.I. 1, *1; 186 A. 832, **832; 1936 R.I. LEXIS 66 ***1.

## U.S. Constitutional Violations

Petitioner's 1st Amendment gaurantee has been infringed upon, as his gaurantee to express executorship through authority of "executor letters of administration" per his contract with the estate in question, which has been disregarded by Defendants, MARISA P. BROWN, GINA M. RAIMONDO, and PETER F. NERONHA, stands as violated. The same infringement upon said gaurantee occurred as Petitioners' ability to express "himself," (natural person), was "impliedly" "waived" through the inducement of **fraud**.

Petitioner's natural person was never secure from seizure that was unlawful per 4th Amendment gaurantee., as Defendants invoked the "operation of law" causing Petitioner to "die" a "civil death" before conviction, leaving Petitioner's body to be unlawfully detained. Petitioner's Liberty interest is valid per 5th Amendment gaurantee.

All of the above has resulted in the 8th Amendment cruel and unusual punishment, due to constructive fraud. Furthermore, Petitioner's ultimate  end for Defendants was to be converted into chattel[1], as estate property, equal to a slave, by fraud, in violation of the 13th Amendment.

_____

[1] **Chattel**: An article of personal property; any species of property not amounting to a freehold or fee in land. The term "chattels" is a more comprehensive one than "goods", as includes animate as well as inanimate property. [Black's Law Dic., 4th ed.]

\* *Relief Sought* \*

Mandamus, mandate, mandatory Injunction,
And Other Just & Proper
Relief

Petitioner asserts, that if this Honorable court finds Petitioner's excutorship lawful and valid, it must, in consideration of Petitioner's executor letters of administration, issue a writ of Mandamus, as Defendant's would be duty bound to the obligations imposed therein, with the damages awarded as demanded therewith, which amount in 91 Million dollars with respect to Defendant, PETER F. NERONHA; 91 Million dollars with respect to Defendant, MARISA P. BROWN; and 91 Million dollars with respect to Defendant, GINA M. RAIMONDO.
(see exhibit B attached).

Petitioner asserts, that if this Honorable court finds that Petitioner's natural person was converted into estate, consistent with the order of business of the PROVIDENCE COUNTY SUPERIOR COURT and its statutory jurisdiction, through constructive fraud, sufficient in collapsing pre-existing presumptions invoked by the statutes involved; let the Honorable court issue a Mandate **or** Mandatory Injunction, ordering Petitioners' immediate release from unlawful detention under the custody of RIDOC Prison Director, Defendant, PATRICIA COYNE-FAGUE; issue a Mandate **or** Mandatory Injunction to undo fraud upon Petitioner, as all judgments rendered and entered by the PROVIDENCE COUNTY SUPERIOR COURT, and MARISA P.

BROWN (Defendants), are void for fraud; with compensatory damages in the amount of 7 Million dollars (each), as to Defendants, PETER F. NERONHA, MARISA P. BROWN, and GINA M. RAIMONDO; with compensatory damages in the amount of 3.5 Million dollars as to Defendant, PATRICIA COYNE-FAGUE; totalling in the amount of 24.5 Million dollars.

Petitioner asserts, that if this Honorable court finds in favor of any of the above 2 extremes, or both, let punitive damages issue in the amount of 25 Thousand dollars as to each Defendant.

Let Declaration issue; Declaring Petitioner's lawful occupancy of office of executor for CHARLES EMANUEL PORTER PONA, ESTATE., and;
that 1st, 4th, 5th, 8th, and 13th Amendments, (Bill of Rights) and U.S. Constitutional gaurantees stand violated as a result of fraud upon Petitioner perpetrating through Constructive fraud which served to convert Petitioner's natural person into estate property by way of an implied consent induced from fraud to gain an unconscionable advantage over Petitioners' mind and body.

Petitioner seeks a jury trial to extent possible.

## Conclusion

We; Petitioner, court, and Defendants, must deal with this fraud circumstance. We can not escape the reality of it's existence and how legally, fraud was utilized to secure an unconscionable advantage over Petitioner, to convert _him_ into estate. With conscience upon the surface, this court knows and understands the bad-faith, and ill-advised diabolical practice such an abstraction (constructive trust) represents.

"Colorable" counterclaims or rebuttals will be shunned, as such would be the perpetrators attempt to take advantage of their own wrong. The Defendants, Petitioner is sure, will attempt such course of response.

However, this situation now brought to the courts conscience can not simply "go away" unless the relief herein is granted, in whole or in part.

Let this Justice Court remember God and his Divine way of Judgment, before God himself renders penalty upon the perpetrators of fraud.

## Caveat

An abuse of descretion amid fraud so apparent and pervasive throughout the abstract design that still lingers, though Petitioner is now vigilant and alert (conscious), will bring great shame and dishonor to this court. Let this court assume it's jurisdiction and exercise its powers in Equity. Let not this court be swayed by colorable arguements in an attempt to further induce, "through fraud", Petitioner into an implied consent, serving to reinforce legal fraud previously set in motion by "operation of law", the topic of which is discussed herein. Anything less than the interest of Justice is fraud, usurpation, and High Treason.

## Affidavit

Petitioner asserts, under penalty of perjury that all of his assertions made are based upon facts derived from the actual circumstances and events described herein.
I, Charles Emanuel Porter Pona, assert this to be the facts; just, true, and correct.

/s/   By: Charles Emanuel Porter Pona
sui juris

Date: 12-17-2020
Executed at the:                        unlawfully detained
Maximum Security              Rhode Island Department of Corrections
Prison                                   c/o Charles Emanuel Porter Pona
Cranston. Rhode Island.       Maximum Security Prison
                                              Cranston. Rhode Island.

Copy Sent To:

R.I. Attorney General Office.
150 South Main st.
Providence, Rhode Island.
[02903]

Sent on:
12-18-20